**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-6861**

───────────

JOHN P. DAROUSE, JR.,

                                    Petitioner - Appellant,

        versus

UNITED STATES PAROLE COMMISSION,

                                    Respondent - Appellee.

───────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., District
Judge.  (CA-01-137)

───────────

Submitted:  November 21, 2003          Decided:  February 17, 2004

───────────

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

───────────

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

───────────

John P. Darouse, Jr., Appellant Pro Se.  Kent Pendleton Porter,
OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John P. Darouse, Jr., a federal prisoner, appeals the district court's order adopting the magistrate judge's recommendation and denying relief on his petition filed under 28 U.S.C. § 2241 (2000). We affirm in part, and vacate and remand in part.

Darouse appeals the district court's dismissal as moot his claim that the Parole Commission, in violation of his due process rights, held an untimely revocation hearing on November 11, 2000, a period more than ninety days after the parole warrant was executed. 18 U.S.C. § 4214(c) (2000). The district court found this claim moot because Darouse was released from incarceration on December 21, 2000. A consequence of the parole revocation hearing, however, was the continuation of Darouse's parole until February 17, 2009, beyond his original release date of November 28, 2000. Thus, we conclude that Darouse is still in custody for purposes of this claim, and there is accordingly a live controversy. See Spencer v. Kemna, 523 U.S. 1, 8 (1998); Jones v. Cunningham, 371 U.S. 236, 243 (1963) (holding that parole amounts to custody under habeas corpus statute). We vacate the district court's dismissal of this claim as moot and remand this claim to the district court for further proceedings regarding the significance, if any, to the alleged delay in holding Darouse's

revocation hearing.  See Morrisey v. Brewer, 408 U.S. 471, 488 (1972); Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975).

We have reviewed the record relating to Darouse's other claims and find no reversible error.  Accordingly, we affirm as to the remaining claims for the reasons stated by the district court. See Darouse v. United States Parole Commission, No. CA-01-137 (E.D. Va. Mar. 28, 2003).  We grant Darouse's motion to proceed in forma pauperis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
